Pearson, J,
 

 Whether the money was in the hands of the officer at the time of the demand, or not, is wholly immaterial, and there was no evidence in reference to it. His Honor must, therefore, be considered as putting the case upon the ground, that the fraction of-the day
 
 *331
 
 was not to be estimated, and the plaintiff was entitled to recover, if the money was collected on the same day, although before the bond was executed. We do not ■yield our assent to this proposition. But, as there is another ground of more general application, upon which our decision may be put, we think it proper to do so.
 

 By the act of 1833, Rev. Stat. ch. 24, constables are to be elected at any time within one month preceding the first County Court, held in the several counties, after the first day of January in each and every year. The person elected is to be returned and recommended to the Court at that term ; and the Court is to qualifiy him to act as constable for one year thereafter, bond with good security being first given.
 

 • It was obviously the intention, that the term of a constable should not end until that of his successor began, to avoid leaving a space between the two, when there would be no officer, and to prevent one term from running into the other, so as to have two officers at the same time.
 

 This might have been effected by fixing upon a certain day of the term when the office of one should end, and that of the other begin. But it was anticipated, that from many causes, the person returned might not be able on that very day to give his bond ; for this reason, no day is fixed and he is allowed the whole term to qualify and give bond: the Court, of course, having a right to require him to give the bond or admit his inability to do so, in time to appoint another in his stead.
 

 Such being the intention, it follows, upon a proper construction of the act, that the term of a constable does not empire upon the day of the term of the Court, corresponding with that, on which he had the year before qualified and given bond, but it expires at the instant, when his successor qualifies and gives bond. So that, although the term is for one year, as a general expression, it may
 
 *332
 
 be a few days longer or shorter than the precise number of three hundred and sixty-five days — exact precision was not called for. It is sufficient, “if the two
 
 ends meet.”
 
 The Legislature thought it expedient to allow for a “little play.” in the language of mechanics.
 

 Assuming this to be the proper construction of the general provision, it will be readily seen, that the same construction must be given to the special provision for filling vacancies.
 
 Sec.
 
 G.
 

 The words: “who shall be qualified to act until the next election of constables,.as above prescribed,” taken literally, will always leave a vacancy from the day of the election until the next term of the County Court, and thus the purpose of filling vacancies wifi be defeated to some extent in every instance. To avoid this absurdity the word “election” must not
 
 be taken in
 
 its strict sense —the act of ehoosing — but in a broad sense — the act of choosing and
 
 inducting into office
 
 — or in the words of the second section, being returned and qualified as an officer^
 

 The first term of the defendant, Wilroy, did not expire on Tuesday of the County Court in 1844, but continued until the time on Saturday, when he was qualified and gave bond as a constable for another term, which commenced at that time.
 

 Whether the money collected on Saturday was received by Wilroy, while acting under the bond of 1843, or while acting under the bond of 1844, depends upon the fact of its being received before or after the last bond was executed. This fact is not ascertained by the verdict, and there must consequently be a
 
 venire de novo.
 

 I’er Curiam.
 

 Judgment set aside and a
 
 venire de novo..